**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**EIGHTEEN THOUSAND THREE HUN-**
**DRED FIFTY DOLLARS ($18,350.00)**
**IN U.S. CURRENCY, Defendant,**

**Rock Road Equipment, Inc.,**
**Claimant-Appellant.**

**No. 83–5574.**

United States Court of Appeals,
Eleventh Circuit.

April 18, 1985.

Joseph Beeler, P.A., Miami, Fla., for claimant-appellant.

Maria P. Sperando, Linda Collins-Hertz, Jonathan Goodman, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and HANCOCK [*], District Judge.

HANCOCK, District Judge:

Rock Road Equipment, Inc., appeals from the forfeiture in rem of $18,350.00 and raises a variety of arguments directed at the reporting requirements embodied in Customs Form 6059–B and Customs Form 4790. Appellant's failure to provide truthful information on Customs Form 6059–B estops it from challenging the reporting requirement embraced therein and we reject appellant's remaining arguments concerning Customs Form 4790 because the propriety of this form is irrelevant to the forfeiture. We affirm the forfeiture.

Appellant's Vice President, Frederick P. Sturgis, flew from Fort Lauderdale to Freeport, Bahamas, and back. On his return trip, Sturgis completed Customs Form 6059–B. Question 11 on that form asks:

Are you or any family member carrying over $5,000.00 (or the equivalent value in any currency) in monetary instruments such as coin, currency, traveler's checks, money orders, or negotiable instruments in bearer form? (If yes, you must file a report on Form 4790, as required by law.) Note: It is not illegal to transport over $5000 in monetary instruments; however, it must be reported.

Sturgis checked the "No" box in reply to this question. He then certified to the veracity of this response by his signature at item 12 on the form.[1] Contrary to the representation he made in answering question 11, Sturgis was carrying $18,350.00 in U.S. currency. This currency was found by the customs officers in Fort Lauderdale and seized. A complaint for forfeiture in rem subsequently was filed under 31 U.S.C. § 1102[2]. A jury trial resulted in the forfeiture of the $18,350.00. This appeal followed.

Our starting point is *Bryson v. United States*, 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969). In *Bryson* the defendant petitioned the Court to set aside his jury conviction under 18 U.S.C. § 1001 for having falsely and fraudulently denied affiliation with the Communist Party in an affidavit he had filed with the National Labor Relations Board pursuant to § 9(h) of the National Labor Relations Act, as amended by the Taft-Hartley Act. The Court disregarded the claimed constitutional infirmities of § 9(h) because those infirmities offered no defense to the charge of furnishing false and fraudulent information. Quoting *Dennis v. United States*, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), the Court explained "[t]his is a prosecution directed at petitioners' fraud. It is not an action to enforce the statute claimed to be unconstitutional." *Id.* at 867, 86 S.Ct. at 1847, *Bryson*, 396 U.S. at 68, 90 S.Ct. at 358. The Court went on to state that "it cannot be thought that as a general principle of our law a citizen has a privilege to answer fraudulently a question that the

[*] Honorable James H. Hancock, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. Item 12 of Customs Declaration Form 6059–B asks the arriving traveler to certify with his signature that he has "declared all items acquired abroad as required herein and that all oral and written statements which [he has] made are true, correct and complete." *Id.*

2. 31 U.S.C. § 1102 was revised and recodified as 31 U.S.C. § 5317(b) on September 13, 1982.

Government should not have asked." *Bryson,* 396 U.S. at 72, 90 S.Ct. at 360.

This circuit has long recognized an exception to the general proposition that a party's failure to provide truthful information to the government estops the party from challenging the propriety of the government's request for the information. Under this exception, the "exculpatory no" doctrine, the government may not punish an individual for giving a false negative answer in response to a governmental inquiry if (1) a truthful affirmative answer would have incriminated the individual, or (3) the individual reasonably believed that a truthful affirmative answer would have been incriminating. *See United States v. Payne,* 750 F.2d 844, 863–866 (11th Cir. 1985); *United States v. Palzer,* 745 F.2d 1350, 1354–57 (11th Cir.1984); and *Paternostro v. United States,* 311 F.2d 298, 305 (5th Cir.1962).

Thus a party who lies in response to a government inquiry may, at least in this circuit, challenge the propriety but only if: (1) the government seeks to punish the party for making the false statement, and (2) the party properly challenges the propriety of the inquiry on fifth amendment self-incrimination grounds. In the instant case, while the forfeiture clearly provided the punishment element, the appellant's challenge to the reporting requirement has nothing to do with self-incrimination. Nor could such a challenge be made. Indeed, as earlier indicated, Question 11 on Form 6059–B expressly states that "[i]t is not illegal to transport over $5000 in monetary instruments." See *United States v. Anderez,* 661 F.2d 404, 409 (5th Cir. Unit B 1981). The "exculpatory no" doctrine is simply wholly inapplicable in the instant case.

Appellant argues that these cases are inappropriate because Customs Form 6059–B in general, and Question 11 in particular, are misleading, and the traveler is induced into unwittingly making a false statement. Thus, says appellant, Sturgis' false response should not estop it from challenging Customs Form 6059–B. Were the form misleading, the argument may have merit, but one could hardly draft a more clear, direct interrogatory than Question 11 on the form. After reviewing the form, we are satisfied that it is sufficiently clear to apply estoppel in the instant case. Appellant is therefore estopped from challenging the form and its reporting requirements because its Vice President, Sturgis, furnished false material information on Customs Form 6059–B.

Appellant's remaining arguments are directed toward the adequacy and propriety of the promulgation of Customs Form 4790. Had Sturgis truthfully completed Customs Form 6059–B, he would have been required to complete Form 4790. Sturgis was never presented with Form 4790, and the issues raised by appellant concerning Form 4790 are irrelevant to the forfeiture. *See generally United States v. Palzer,* 745 F.2d 1350 (11th Cir.1984) (refusing to consider defendant's challenges to Form 4790 because the form was irrelevant to the offense of transporting over $5,000 into the United States without filing a report.) We therefore decline to consider these arguments.

For the reasons herein stated, the forfeiture is AFFIRMED.