**UNITED STATES, Appellee,**

v.

**Private First Class Charles M. HARRISON, 248–41–0602, United States Army, Appellant.**

**SPCM 20995.**

U.S. Army Court of Military Review.

14 June 1985.

---

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain Bernard P. Ingold, JAGC, and Captain Carolyn F. Washington, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Thomas M. Curtis, JAGC, and Captain Michael W. Hoadley, JAGC, were on the pleadings for appellee.

Before SUTER, RABY, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

Appellant asserts that he was improperly convicted of Specification 1 of Charge III (false swearing). He maintains that the statements he gave to the Criminal Investigation Command (CID) investigator qualified within the "exculpatory no" defense.[1] We disagree.

The "exculpatory no" defense prevents the government from punishing an individual for giving a false negative answer in response to a government inquiry if a truthful affirmative answer would have incriminated the individual, or if the individual reasonably believed that a truthful affirmative answer would have been incriminating. *United States v. Eighteen Thousand Three Hundred Fifty Dollars ($18,350.00) in U.S. Currency*, 758 F.2d 553 (11th Cir.1985). The "exculpatory no" defense serves as an exception to 18 U.S.C. § 1001 (1982).

18 U.S.C. § 1001 makes it a criminal offense to knowingly and willfully falsify, conceal, or cover up a material fact. Its purpose is to punish those who render positive false statements designed to "pervert" or undermine the functions of governmental departments and agencies. *See United States v. Palzer*, 745 F.2d 1350, 1354 (11th Cir.1984). Article 107, Uniform Code of Military Justice, 10 U.S.C. § 907 (1982) [hereinafter cited as UCMJ], which criminalizes the act of making a false official statement, is similar in its scope and purpose to 18 U.S.C. § 1001. *United States v. Collier*, 48 C.M.R. 112 (A.C.M.R.1973).

In *United States v. Davenport*, 9 M.J. 364, 370 (C.M.A.1980), the Court of Military Appeals implied that the "exculpatory no" defense may be applicable in some prosecutions involving false official statements in violation of Article 107, UCMJ. We find, however, that violation of Article 134, UCMJ, 10 U.S.C. § 934 (false swearing), can be distinguished from infraction of Article 107, UCMJ (false official statement).

The "exculpatory no" defense should not be applied to the present case, which involves false swearing. Appellant has violated the sanctity of an oath. The gravity of such a violation was stressed by the

---

1. Appellant's sworn statement, Prosecution Exhibit 2, reflects the following responses:

Q. Did you take WOODS' teller card?
A. No.
Q. Do you know who did?
A. No.
Q. Did you take any money from WOODS' account at the credit union?
A. No.
Q. Do you know who did?
A. No.

712

United States Court of Military Appeals in *United States v. Claypool*, 27 C.M.R. 376 (C.M.A.1959). "Here we are confronted with conduct which violates the sanctity of an oath, and the officiality of the statement is immaterial...." [W]hen an oath is executed, the falsity takes on added importance...." 27 C.M.R. at 379. We agree that the increased gravity of lying under oath sufficiently distinguishes the offense of false swearing from that of false official statement.

If applied to the offense of false swearing, the "exculpatory no" exception may be viewed as an open invitation to criminal suspects to forego their right to silence and to substitute therefor active falsification and deceit. We fully agree with the philosophy expressed by the United States Court of Military Appeals in *United States v. Whitaker*, 32 C.M.R. 341, 345 (C.M.A.1962), that there is "no valid reason to allow suspects to so lightly regard the sanctity of a solemn oath that, having been sworn, they may deliberately lie with impunity."

There is a special need in the military to maintain the highest standards of honor and integrity. The "professional military ethic" includes personal honor and integrity among its principal elements. *See* Zoll, *The Moral Dimension of War and the Military Ethic*, Parameters, Vol. XII, No. 2, at 2, 8–9 (June 1982); Glover, *A Soldier and His Conscience*, Parameters, Vol. XIII, No. 3, at 53, 57 (Sept.1983) ("[Integrity is] the greatest of the virtues on my list, one without which the leader is lost. Integrity, of course, embraces much more than just simple honesty. It means being true to your men, true to your outfit, and above all true to yourself.").

Integrity is not within the exclusive possession of, or for the sole use of, the officer corps. Both noncommissioned officers and enlisted personnel are entitled, and expected, to conduct their personal and professional endeavors with integrity. Conse-

quently, we believe that the Uniform Code of Military Justice, without distinction as to rank, proscribes lying to protect the ethical element called "honor", which is critical to unit cohesion and combat readiness.[2] In light of these peculiarly military considerations, we find that the "exculpatory no" defense is not applicable to the offense of false swearing under Article 134, UCMJ.

The findings of guilty and the sentence are affirmed.

---

2. Because of the high ethical standards required of those in the military, we believe that the "exculpatory no" defense is an inappropriate exception to offenses charged under Article 107, UCMJ (false official statement). We earnestly encourage the United States Court of Military Appeals to clarify its implication in *United States v. Davenport*, 9 M.J. at 370, that the "exculpatory no" doctrine may serve as a defense to prosecutions under Article 107, UCMJ.