**UNITED STATES, Appellee,**

v.

**Specialist Four Leon E. DAVIS,
154–54–1380, United States
Army, Appellant.**

**ACMR 8700078.**

U.S. Army Court of Military Review.

10 July 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain Mary C. Cantrell, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon, JAGC (on brief).

Before FELDER, SMITH and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of larceny (three specifications) and false swearing (one specification), in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934 (1982) [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for six months, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

Appellant asserts that the military judge erred to his substantial prejudice by failing to inquire into a possible "exculpatory no" defense.

The "exculpatory no" defense is inapplicable to the military offense of false swearing under Article 134, UCMJ. *United States v. Harrison,* 20 M.J. 710, 711 (A.C.M.R.1985); *United States v. Castillo,* ACMR 8600581 (A.C.M.R. 10 Mar. 1987) (unpub.) (*"[I]ntegrity is one of the select cornerstones supporting our profession at arms.... The 'exculpatory no' defense is ... not compatible with the vital interests of the Armed Forces of our Nation [in that it] allows soldiers to disregard the truth and to lie with impunity."*) (emphasis in original) (footnote omitted); [1] *see gener-*

---

1. In another unpublished opinion, the court rejected the "exculpatory no" defense opining that

"[t]ruth-telling, under oath or otherwise, is one of the most basic of moral principles, applicable

*ally United States v. King,* 613 F.2d 670 (7th Cir.1980). As a consequence, appellant's plea of guilty cannot be rendered improvident for failure of the military judge to make inquiry into the matter. A plea of guilty need be rejected as improvident only if the accused sets up matters inconsistent therewith at trial. UCMJ art. 45, 10 U.S.C. § 845; *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980); *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969). No inconsistency arose in the instant circumstances.

We have considered the issue personally asserted by the appellant and find it to be without merit. *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge SMITH concur.

not only in the military but in every community. It is the very essence of trustworthy human communication." *United States v. Jenkins,*

SPCM 22548, slip op. at 2 (A.C.M.R. 13 Mar. 1987) (unpub.).